## St. Mark's Evangelical Lutheran Church *v.* Briarcliff Realty Company, Inc., Appellant.

Argued December 12, 1961.. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before SHELLEY, J.

*John H. Bream,* for appellant.

*William Fearen,* for appellee.

OPINION BY MONTGOMERY, J., January 16, 1962:

In this proceeding in equity, St. Marks Evangelical Lutheran Church (formerly Shoop's Lutheran Church), sought to reform the description of the property in a deed it had delivered to the Briarcliff Realty Co., Inc., conveying real estate in Lower Paxton Township, Dauphin County, Pennsylvania. Subsequent to the delivery of said deed the Church conveyed other adjoining "Cemetery" property to Joseph Nissley and Galen H. Fisher, who were permitted to intervene in this proceeding as parties plaintiff, with the consent of the defendant.

After hearing, the court filed an adjudication allowing the desired reformation of the deed, which action was confirmed and adopted as the action of the court en banc, and a final decree entered from which this appeal was taken by defendant.

Defendant now argues (a) that title to real estate is involved and therefore appellee-plaintiff has an ade-

quate remedy at law and there is no jurisdiction in equity, and (b) that the decree is not supported by the evidence.

The additional facts as found by the Chancellor may be summarized as follows: On September 16, 1957, the Church agreed to sell two tracts, (1) described as containing 11,580 square feet on the south side of U. S. Route 22, and (2) a triangular tract containing 8,070 square feet on the north side of same. Subsequently defendant became interested in (3), a small triangular strip of ground adjoining (1), but was advised by the Church that it did not know whether it owned the strip; however, in preparing the deed for (1) and (2) it undertook to convey whatever interest it had in (3); the description used was the perimeter description for all of the Church and cemetery property as used in the original deed to the Church, but excluded, by reference, the cemetery adjoining (2); U. S. Route 22 extends generally east and west and separates tracts (1) and (3) from (2) and the cemetery; Hollywood Street extends north from U. S. Route 22, is 50 feet wide including an unpaved strip approximately 10 feet wide along its easterly side, and was laid out and opened subsequent to the deed to the Church; the cemetery lies east of Hollywood Street and west of (2), but there is uncertainty whether its westerly boundary line is the easterly line of Hollywood Street, and whether its southerly line is identical with the northerly line of U. S. Route 22 as widened; if the lines of the cemetery and the highways are not identical, there exist narrow strips of ground between them, which we shall for convenience refer to as numbers (4) and (5), the latter being along U. S. Route 22 and the former along Hollywood Street; defendant did not take possession of (4) and (5) after receiving its deed from the Church and made no claim to them until after it was requested to quitclaim its interest in same, since they were included

in the perimeter description and mistakenly not excluded as was the cemetery; none of the parties were aware that any strips of ground (4 and 5) existed between the cemetery and the streets until a title insurance company raised the question.

The parties are not in disagreement as to the law applicable to this case. Appellant cites *Williams v. Bridy,* 391 Pa. 1, 136 A. 2d 832, to establish the following statement of same: "Whatever may be the prayer of a bill, if the kernel of the controversy is the legal title to land, then equity cannot be invoked; but where the question of the legal title is incidental and subordinate to other elements which call for the exercise of equitable remedies, equity will take and retain jurisdiction." It also cites *Hunter v. McKlveen, Prothonotary,* 353 Pa. 357, 45 A. 2d 222, for the statements that "A court of equity generally will not take jurisdiction to try title to real property", and that "It is true that in actions respecting real property, where the plaintiff's right has not been established at law or is not clear, he is generally not entitled to remedy by injunction; but where in a proceeding in equity the plaintiff's title is clear, and all the evidence relating to it is of such a character that a judge in a trial at law, upon the same evidence, would not be at liberty to submit the question of the plaintiff's title to the jury, equity will grant relief although there has been no adjudication of the title at common law."

It is also beyond question that courts of equity have jurisdiction to reform deeds when mutual mistakes appear and the evidence is clear and positive, although the mistake is denied by one of the parties; and also in cases of unilateral mistake when it is made with the knowledge of the other party. *Rusciolelli v. Smith,* 195 Pa. Superior Ct. 562, 171 A. 2d 802, and cases therein cited.

In the present case the Chancellor made a specific finding that the parties had intended to convey only three parcels (1, 2, and 3, as we have identified them) and concluded that "As a result of a mutual mistake, the deed executed and delivered by plaintiff to defendant contains an error in the description thereof." This finding and conclusion finds strong support from the pleadings and testimony. The agreement for the sale of (1) and (2) is admitted although the correctness of the survey to which reference is made in the agreement is questioned. However, defendant did not supply a copy of what it alleges to be the correct survey. It is also noted in the colloquy between Mr. Bream and the court that there was never any alteration of the original agreement: "The Court: Was there any supplemental agreement of sale? Mr. Bream: No. The Court: Was the original agreement of sale amended in any way? Mr. Bream: It was amended in the deed itself. The Court: But not by writing other than the deed? Mr. Bream: No, the deed itself . . ." It further appears clearly from the testimony of Rev. G. C. Serbe, Jr., pastor of the Church, that any discussion with the defendant after the written agreement was executed and delivered was in relation to the small triangle (3) on the south side of U. S. Route 22, and that the cemetery and any strips of ground around it, existent or nonexistent, were not in the contemplation of the parties during any of this discussion. The same is true of the testimony of Mr. R. E. Hollinger and Mr. H. E. Lingle, members and officers of the Church. They testified that there was no discussion of the sale of any strips lying between the cemetery and the highway, because none were known to exist, it being presumed that the cemetery extended to the side lines of same.

Defendant's witnesses admitted subsequent discussion with the Church and its counsel about a small triangular piece of ground adjoining the tract (1) on

the south, south of U. S. Route 22, but insist further that they were told that defendant was buying everything the Church owned on both sides of U. S. Route 22 except the cemetery, including the highway, if ever abandoned, and the strips along both highway and street. Mr. D. Lloyd Mathieson, defendant's president, admitted on cross-examination however, that the cemetery or any area surrounding it was not discussed before delivery of the deed or at the settlement. "By Mr. Fearen: Q. As a matter of fact, you testified that we, meaning your corporation, I assume, had no concern about the cemetery at all at that time, is that correct? That was your testimony as I recall it. A. Well, whatever I said was the truth. Q. The cemetery was never discussed—I mean an area bordering the cemetery was never discussed with me at any time prior to the time you received your deed, is that correct? A. That's right. Q. As a matter of fact, it was not discussed at settlement either, is that correct? A. What was not discussed? Q. Any area around the cemetery on the north side of the road was not discussed at the settlement? A. No, sir."

From our review of the record it seems clearly established, as found by the Chancellor, that at the time of the agreement the parties contemplated the sale of only two parcels, (1) and (2), but, later, (3) was discussed and although the Church questioned its right to sell same, nevertheless conveyed whatever interest it might have therein. At the time of the agreement and at the time of the delivery of the deed, the Church thought that it was actually conveying all of the Church property on both sides of the highway, U. S. Route 22, except the cemetery, but it also mistakenly thought that the cemetery extended to the highway and Hollywood Street. The fact that it possibly owned the strips was the mutual mistake of both the Church and appellant. If the two strips (4 and 5) had been in the

contemplation of the parties, the agreement would not have specifically stated that two tracts, or plots, were being sold, the one on the north side of U. S. Route 22 being triangular in shape, but would have made reference to four tracts, one on the south side of Route 22 and three on the north side; and as particularly noted by the learned Chancellor in his adjudication if the contention of the defendant is upheld it would mean that the Church deliberately "landlocked" its cemetery, which is unreasonable to conclude.

This matter resolves itself into a question of fact which has been determined by the Chancellor in plaintiff's favor. It is a simple mistake of including in the conveyance more land than was intended to be sold or bought, and does not involve a question of title. It is apparent that it was made by the scrivener using the description in the original deed. Even if there exists any strips beyond the limits of the cemetery and the public ways, the title of the Church to same is not in question. The only question is whether their inclusion in the deed was according to the agreement of the parties or by mistake.

Therefore equity has jurisdiction and the decree will be affirmed since it is supported by the evidence and is in accord with the law.

Decree affirmed.