## Clinger v. Campagna

*David Goodwin*, for plaintiffs.
*John Evans*, for defendant.

ACKER, *J.*, December 4, 1975 — Defendant, Campagna, has filed a preliminary objection to the amended complaint, claiming plaintiffs have failed to comply with the previous order of court directing a more specific complaint and that plaintiffs have failed to comply with Pa.R.C.P. 1019(b) concerning pleading allegations of accident or mistake with particularity.

The original complaint to which the previous court order was entered and the amended complaint are almost identical. The facts alleged by both are that plaintiffs obtained certain lands by deed on August 28, 1973, from Joseph E. Giangiuli et ux. The Giangiulis have not been joined as a party to this action. They, in turn, acquired the subject property from Elinor Yonchak in 1969 by deed. Neither of the deeds conveyed any portion of a contiguous parcel of land now owned by defendant, who acquired it from Elinor Yonchak by deed on September 29, 1972. Upon that parcel the leech bed system, part of the septic tank, part of the drainage system "or" most of the side yard area which Giangiuli purported to convey to plaintiffs and which Yonchak purported to convey to Giangiuli was included.

The original complaint contends that this was by accident or mistake, both through the deed of Giangiuli and through the deed of Yonchak to Giangiuli. Neither the complaint nor the amended complaint makes any effort to explain how or why the accident or mistake occurred.

The order entered following the first preliminary objection to the original complaint directed that plaintiff ". . . shall file a more specific pleading alleging the circumstances surrounding the accident or mistake indicating in detail how it happened and those persons who were involved in the mistake." Rather than attempt to elucidate further upon the accident or mistake through the amended complaint in paragraph 8, it is deleted. Added, however, in the amended complaint is ". . . although both Elinor Yonchak and Joseph Giangiuli and wife intended and represented to the respective purchaser that the land described in Exhibit D (being the contiguous parcel which is the subject of this action) was included in the respective conveyance."

Both the original and amended complaint also allege that defendant was aware, or should have been aware, of the existence of the sewage facilities serving the house of Joseph E. Giangiuli, et al., and knew, or should have known, of the claim of Giangiuli to ownership and fee simple absolute of the subject property.

Therefore, the two complaints are almost identical, with the exception of the deletion in the amended complaint of the word "accident or mistake," and the insertion that the two predecessors in title of plaintiffs intended and represented to their respective purchasers that the land was included.

*May the plaintiffs in an equity action avoid the
requirement of a more specific pleading of acci-
dent or mistake by deleting those words from the
amended complaint and adding that the pred-
ecessors in title intended and represented to
convey the land in issue?*

Defendant, Campagna, was not a party to any of
the transactions referred in the complaint. The
basis of liability claimed against him is that he is
not a bona fide purchaser for value because he
knew, or should have known, of the leech bed, sep-
tic tank and drainage system of the sewer system at
the time that he purchased the property. There was
no allegation that plaintiffs or any of their pred-
ecessors in title specifically informed him of this.
Presumably, his knowledge should have come from
its mere existence upon his land. Whether any por-
tion of it would be observable from a view of the
surface of the earth is not alleged.

Pa.R.C.P. 1019(b) provides: "Averments of fraud
or mistake shall be averred with particularity."

The failure to allege the word "fraud" was held
not to be fatal where there were sufficient facts in
which to demonstrate fraud in Osborne v. Ball et
al., 1 D. & C. 2d 798 (1954). See 1 Goodrich-Am-
ram §1019(b)-2, p. 119.

The relief prayed for is a reformation of the deed
to plaintiffs and a direction that defendant execute
a general warranty deed conveying the interest in-
tended to be conveyed to plaintiffs by their pre-
decessors in title. Plaintiffs also pray that defend-
ant be enjoined from erecting a fence or interfering
with or disturbing the existing sewage or drainage
facilities.

There can be no question that recovery is permis-
sible where there is a mutual mistake in a con-

veyance of real estate: Bokoch v. Noon, 420 Pa. 80, 215 A. 2d 899 (1966); St. Mark's Evangelical Church v. Briarcliff Realty Company, 197 Pa. Superior Ct. 118, 177 A. 2d 169 (1962).

In a case not too dissimilar from that at bar of Kutsenkow v. Kutsenkow, 414 Pa. 610, 612, 202 A. 2d 68 (1964), a demurrer to a complaint for reformation of a deed in equity was sustained by the lower court and reversed on appeal. The statute of frauds was there raised as a defense through the demurrer. Although the reported case does not allege details of the complaint, it is stated, at page 612:

"The complaint alleges in paragraphs 8, 16, 17, 18 and 19 that a mutual mistake occurred. Therefore, we conclude that the complaint alleges, with sufficient quantity and quality, a mutual mistake capable under law of overcoming the defendant-appellees' demurrer."

The Supreme Court reversed.

In Rusciolelli v. Smith, 195 Pa. Superior Ct. 562, 565, 171 A. 2d 802 (1961), although an opinion not upon the pleadings, plaintiff alleged that there was a mutual inadvertence, accident and mistake and that the deed did not express the true agreement of the parties. The case went to trial and was resolved in favor of the party desiring a reformation of the deed. The chancellor made no specific finding that a mutual mistake had occurred, but in his statement of adjudication he set forth sufficient from which that could be concluded. This was held to be proper.

Defendant relies on Herman v. Stern, 419 Pa. 272, 213 A. 2d 594 (1965), where it was contended

that a portion of a printed lease was not stricken through error and mistake. There was no allegation to the particulars of the failure to strike it. The court held, at page 279: "The bald assertion of error and mistake falls far short of the requirement necessary for reformation of the contract." The pleadings did not point out through whose error or mistake this occurred. In the case at bar, it is alleged that the error was that of the previous grantors.

Taking plaintiffs' case at its best, predecessors in title failed to include the leech bed and other portions of the sewage system. Defendant, who subsequently purchased the property containing the portion of the sewage system, knew, or should have known, of its existence. The purchase was from a common predecessor in title. Fortunately, this court is not required to pass upon the eventual right to recover by plaintiff, but only whether there has been sufficient pleading to comply with the previous court order and to permit the matter to go to trial. This court concludes in favor of plaintiffs.

The second contention of the preliminary objection has been answered by the conclusion as to the first, for they are, in effect, one and the same.

Hence, this order.

## ORDER

And now, December 4, 1975, the preliminary objections to plaintiffs' complaint are denied. Defendant is granted 20 days in which to file additional pleadings.