460 A.2d 323

**Anna DUDASH, Appellant,**

**v.**

**John DUDASH and Violet T. Dudash.**

Superior Court of Pennsylvania.

Submitted Feb. 2, 1982.

Filed May 6, 1983.

548

Stephen P. Ellwood, Pottsville, for appellant.

William E. Baldwin, Pottsville, for appellees.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

McEWEN, Judge:

The case we here consider involves an action in equity brought by a mother against her son and daughter-in-law in which the plaintiff sought reformation of a deed to property that she had conveyed to her son. Following a non-jury trial, the learned Schuylkill County Common Pleas Court Judge Donald D. Dolbin, sitting as Chancellor in Equity, entered a decree in favor of defendants. We affirm.

The specific assertions of error claimed by appellant were expressed in the following exceptions to the findings of fact and conclusions of law made by the Chancellor:

1. Plaintiff excepts to the Court's ruling admitting into evidence over plaintiff's objections, Defendants' Exhibits numbers 1 and 2.

2. Plaintiff excepts to the introduction of testimony over her objection as to the dissolution of a partnership among her three (3) sons.

3. Plaintiff excepts to finding of fact number 2:

"At sometime prior to July 19, 1974, the plaintiff orally agreed to convey to her son, the defendant, a portion of the said premises 'west of the road' upon which portion stood a garage later to be converted by the defendant into his house."

4. Plaintiff excepts to finding of fact number 5:

"Since that time and prior thereto, the defendant, John Dudash, improved the said lot which was conveyed to him by clearing away junk, hauling top-soil, cultivating the same for an organic garden and in other ways improving and beautifying the same."

5. Plaintiff excepts to finding of fact number 6:

"In 1977 following a dispute over a family partnership, the plaintiff first objected to the quantity of land con-

veyed to the defendant, and on April 2, 1979 commenced suit to reform the 1974 deed."

6. Plaintiff excepts to conclusion of law number 2: "The defendant, John Dudash, is not guilty of fraud or overreaching in acquiring any of the land described in deed dated July 19, 1974 and recorded in Deed Book 1193 page 362."

7. Plaintiff excepts to conclusion of law number 3: "The plaintiff is not entitled to a reformation of the said deed."

8. Plaintiff excepts to conclusion of law number 4: "Defendants' title to the land described in the said deed is good and indefeasible from the claim of the plaintiff."

Plaintiff also excepted to the decree nisi which reads as follows:

9. "DOLBIN, J.

AND NOW, this 23rd day of March, 1981, the complaint of the plaintiff is dismissed.

The plaintiff is given ten (10) days after notice of this adjudication to file exceptions pursuant to Pa.R.C.P. 1518. If no exceptions are filed, this decree nisi shall be entered by the Prothonotary on praecipe as the final decree.

BY THE COURT,
/s/ Dolbin, J."

We agree with the trial court that the last mentioned exception was improper for the reason that the exception failed to comply with the applicable rule, namely, Rule 1518 of the Pennsylvania Rules of Civil Procedure, 42 Pa.C.S.A. *See Nord v. DeVault Contracting Co., Inc.*, 460 Pa.Super. 647, 334 A.2d 276 (1975). This rule provides:

Rule 1518. Exceptions

Within twenty (20) days after notice of the filing of the adjudication, exceptions may be filed by any party to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, to the decree nisi or in

cases where requests for findings of fact or conclusions of law have been been submitted by leave of court to a failure or refusal to find any matter of fact or law substantially as requested. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file exceptions raising these matters.

42 Pa.C.S.A.

Since each of the eight specific exceptions is separately and concisely stated with a precise reference to the matter to which objection is made, these claims of error comply with Rule 1518 and we will, therefore, proceed to discuss the merits of these exceptions. The issues raised in exceptions three through eight are inextricably tied to the issue raised on appeal relating to the evidentiary support for the decree, and we will, therefore, consolidate our discussion of the merits of the contentions expressed in the exceptions and the contention that the decree was not supported by the evidence.

Our review of this case is guided by the principles that the scope of appellate review of a decree in equity is particularly limited, *Lynch v. Hook,* 298 Pa.Super. 27, 444 A.2d 157 (1982), and that the findings of the Chancellor will not be reversed unless it appears that the Chancellor clearly committed an abuse of discretion or an error of law. *Frowen v. Blank,* 493 Pa. 137, 425 A.2d 412 (1981). Where credibility of witnesses is important to a determination, the findings of the Chancellor are entitled to particular weight because the Chancellor has the opportunity to observe their demeanor. *Frowen v. Blank, supra; Bedillion v. W.A. Wilson Stave Co., Inc.,* 271 Pa.Super. 292, 413 A.2d 411 (1979). Although an appeals court cannot sit as a trier of issues of fact and must accept the findings of fact of the lower court as the basis of its review, *Lynch v. Hook, supra,* an appellate court is not bound to accept the findings of the Chancellor which are without support in the record or have merely been derived from other facts.

*Frowen v. Blank, supra; In re McKinley's Estate,* 461 Pa. 731, 337 A.2d 851 (1970). Thus, the Chancellor's conclusions of law or fact which are derived from nothing more than reasoning from underlying facts and not involving a determination of credibility of witnesses, are reviewable. *Felmlee v. Lockett,* 466 Pa. 1, 351 A.2d 273 (1976); *Krosnar v. Schmidt Krosnar McNaughton Garrett Co.,* 282 Pa.Super. 526, 423 A.2d 370 (1980).

The Chancellor made the following findings of fact:

1. On July 19, 1974 the plaintiff was the owner of a rectangular parcel of land in the Borough of Port Carbon north of Fifth Street which parcel measured approximately 232 feet in length by 170 feet in depth which she acquired by a deed dated June 5, 1946 and recorded in Deed Book 679 page 234.

2. At sometime prior to July 19, 1974, the plaintiff orally agreed to convey to her son, the defendant, a portion of the said premises "west of the road" upon which portion stood a garage later to be converted by the defendant into his house.

3. On July 19, 1974 the plaintiff executed a deed which deed is recorded in deed book 1193 page 362 conveying to the defendant, her son, the western 85 feet of her said lot which parcel was later conveyed to the defendant's wife and himself by deed dated November 5, 1977 and recorded in Deed Book 1247 page 70.

4. The defendants were married in December of 1974 and moved into their new home in February or March of 1975.

5. Since that time and prior thereto, the defendant John Dudash, improved the said lot which was conveyed to him by clearing away junk, hauling top-soil, cultivating the same for an organic garden and in other ways improving and beautifying the same.

6. In 1977 following a dispute over a family partnership, the plaintiff first objected to the quantity of land con-

veyed to the defendant, and on April 2, 1979 commenced suit to reform the 1974 deed.

The court then concluded that, if any mistake occurred concerning the precise quantity and location of the land to be conveyed in 1974, it was solely a unilateral mistake on the part of appellant. The court further found no evidence of fraud or bad faith on the part of her son.

■ Courts of equity have jurisdiction to reform deeds where mutual mistakes appear, but proof of the mutual mistake must be clear and positive. *Rusciolelli v. Smith,* 195 Pa.Super. 562, 171 A.2d 802 (1961). A party who seeks reformation on the ground of mutual mistake must establish in the clearest manner that the intention proffered as the basis for reformation of the deed existed and continued concurrently in the minds of the parties down to the time of the execution of the deed. *Id.* If the evidence justifies such a finding of the intention of the parties, this finding may be made by the Chancellor even though it is expressly denied by one of the parties. *Id.*

■ The reformation of a deed may also be made by a court of equity when there has been a mistake by one party with knowledge of that mistake by the other party. *Alderfer v. Pendergraft,* 302 Pa.Super. 210, 448 A.2d 601 (1982); *Hassler v. Mummert,* 242 Pa.Super. 536, 364 A.2d 402 (1976); *St. Mark's Evangelical Lutheran Church v. Briarcliff Realty Co., Inc.,* 197 Pa.Super. 118, 177 A.2d 169 (1962); *Rusciolelli v. Smith, supra.* A party seeking reformation on the basis of such unilateral mistake may be granted relief if the party against whom reformation is sought has such knowledge of the mistake as to justify an inference of fraud or bad faith. *Line Lexington Lumber & Millwork Co. v. Pennsylvania Publishing Corp.,* 451 Pa. 154, 301 A.2d 684 (1973). A corollary to the aforementioned principles is the rule that the mistake under scrutiny, as well as the actual intent of the parties, must be clearly proven. *Hassler v. Mummert, supra.*

■ We find adequate support in the record for the conclusion drawn by the Chancellor that appellant did not prove either (1) mutual mistake or (2) unilateral mistake on the part of appellant with knowledge of that mistake by her son. It is undisputed that appellant agreed to convey a portion of her property to her son, and pursuant to this objective, a deed was prepared and the property conveyed. The property so conveyed consisted of a parcel of land on which was located a garage which the son immediately began to remodel as an apartment for himself and his fiancee. The portion of land which appellant seeks to have reconveyed to her includes land on which appellees had planted a garden and also includes land on which appellee had installed a pipeline in order to provide drainage for the land in dispute. It should be mentioned that the land appellant seeks to recover also includes part of the driveway that leads to the garage that appellees had converted into their home and if appellant recovers such land, the only ingress and egress the conveyance would have provided would have been over a narrow ten foot wide driveway, a result that would appear inconsistent with the bounty she was providing her child. It was not until 1977, more than three years after appellant conveyed the property to her son, that appellant expressed a claim to a portion of the property that she had conveyed. There was evidence at trial that appellant first asserted an objection to the amount of property conveyed at approximately the same time that a family dispute arose between appellee and his brothers.

We conclude that there was sufficient evidence introduced to support the findings of fact of the Chancellor that: appellant orally agreed to convey all the property which was conveyed by the deed; appellees made improvements to the disputed land; and appellant only first objected to the quantity of land conveyed at the time that a family dispute over an unrelated matter arose. In addition, the testimony of appellees and their actions with respect to the property in dispute clearly support the conclusion of the Chancellor that they were not mistaken as to the quantity of land conveyed.

We further decide that the Chancellor could properly conclude there was no evidence of fraud or bad faith on the part of her son and that, therefore, appellant was not entitled to reformation of the deed.

■ We next consider the contention of appellant that the Chancellor committed error when he allowed appellees to admit into evidence photographs and testimony relating to a family dispute. The first evidentiary challenge concerns the admission into evidence of two photographs that depicted the building which is now the home of appellees. No objection to the admission into evidence was made at trial and, therefore, the issue is waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Martin v. Soblotney*, 296 Pa.Super. 145, 442 A.2d 700 (1981); *International Systems v. Personnel Data Systems, Inc.*, 274 Pa.Super. 500, 418 A.2d 518 (1980).

■ The second evidentiary challenge concerns testimony relating to a partnership dispute among appellee John Dudash and his brothers that was introduced over the objection of appellant on the grounds that it was irrelevant. Evidence is relevant when it tends to establish facts in issue or when it in some degree advances the inquiry and thus has probative value. *Whistler Sportswear, Inc. v. Rullo*, 289 Pa.Super. 230, 433 A.2d 40 (1981). Appellees sought to prove that appellant commenced the proceedings for deed reformation at the time when appellee John Dudash and his brothers became embroiled in a partnership dispute. The merits of this partnership dispute were not explored at trial, but rather, appellees sought to introduce testimony regarding the partnership dispute for the reason that such evidence was relevant to the motive of appellant for commencing the suit seeking reformation of the deed. We decide that the Chancellor properly concluded that such evidence was relevant.

Decree affirmed.