**REGIONS MORTGAGE, INC., Appellee,**

v.

**Susan C. MUTHLER and Elwood J. Bennett.**

**Appeal of Susan C. MUTHLER.**

Superior Court of Pennsylvania.

Argued Dec. 9, 2003.
Filed March 2, 2004.

Randy P. Brungard, Lock Haven, for appellant.

Lauren P. McKenna, Philadelphia, for Regions Mortgage, appellee.

Before: KLEIN, BENDER and OLSZEWSKI, JJ.

OPINION BY KLEIN, J.:

¶ 1 This is an appeal from a somewhat strange order that appears to reform a deed. The order was entered in response to a quiet title action filed by Regions Mortgage, Inc. following the demise of Susan Muthler's husband, Joseph. Although the language of the underlying order is not particularly clear, the order appears to: (1) uphold the mortgage held on the subject property; (2) remove Susan Muthler, personally, from any liability to that mort-

gage; and (3) bar Susan Muthler from asserting any right in the property inconsistent with the mortgage lien.[1] After a review of the submissions of the parties, the record, the trial court opinion and relevant case law, we reverse.

¶ 2 Joseph and Susan Muthler, husband and wife, purchased a property from Elwood Bennett in 1999. Bennett's affidavit, introduced at trial, indicates that it was his intention to sell the property to Joseph and Susan Muthler together. The property was clearly titled to both Joseph and Susan. However, the mortgage issued regarding this purchase obligated only Joseph. The mortgage was prepared by CTX Mortgage Company and clearly indicates not only that the mortgage is in Joseph's name only, but also that he is a married man. Additionally, Schedule "A" to the mortgage, a description of the property encumbered, clearly indicates that the property was held by both Joseph and Susan. The Muthler's attorney at closing, Philip M. Masorti, Esq., testified that CTX wanted Susan Muthler off the mortgage. No reason for this is given and no one from CTX testified. Masorti also indicated that the request to remove Susan from the mortgage came late in the process. There was no testimony that CTX specifically asked, demanded or otherwise made contingent issuing the mortgage upon the deed being in Joseph's name only. There can be no mistaking the fact that CTX was aware of the nature of the deed.

¶ 3 Joseph died shortly after the purchase of the property. Susan attempted to have the mortgage payments transferred to her,[2] but Regions Mortgage (successor

1. This order appears to have the effect of forcing Muthler to sell her home to pay the mortgage. Because the order leaves Muthler with no individual liability to repay the mortgage, she could not be forced to make monthly payments. As the order is written, the only

way to satisfy the lien would appear to be to sell the property.

2. It is unclear if Susan sought to have the mortgage changed to her name or if she sim-

to CTX) ignored her. Apparently unclear about what her rights and duties regarding the property and mortgage were, Susan went to a lawyer. Susan then took the position that title to the property had passed to her absolutely upon the death of her husband and that because she had never been a signatory to the mortgage, she had no obligation to the mortgage company.

¶ 4 This stance apparently got Regions' attention and it filed the quiet title action that is the subject of this appeal. Regions alleged that a mistake had been made in making out the deed to both Joseph and Susan Muthler and sought to reform the deed, thereby protecting its investment.

¶ 5 The trial court determined, based upon the totality of the circumstances, that a mistake had been made and that equity demanded the protection of Regions' interest in the property.

¶ 6 It is undisputed that under Pennsylvania law, courts have the right to reform a transaction where mutual or unilateral mistakes have been made. *Kutsenkow v. Kutsenkow*, 414 Pa. 610, 202 A.2d 68 (1964). If the mistake alleged is unilateral, however, the party seeking reformation must show, by clear and convincing evidence, that the party against whom reformation is sought had such knowledge of the mistake as to justify an inference of fraud or bad faith. *Dudash v. Dudash*, 313 Pa.Super. 547, 460 A.2d 323, 327 (1983). Without such proof, reformation must fail.

¶ 7 It is also clear that if the deed is not subject to reformation, then Susan Muthler is entitled to take the property free and clear of any encumbrance. *See generally C.I.T. Corporation v. Flint*, 333 Pa. 350, 5

A.2d 126 (1939); *Hetzel v. Lincoln*, 216 Pa. 60, 64 A. 866 (1906)

¶ 8 In reviewing the determinations of the trial court, our Court is not bound to accept any findings that are not supported by the record, and that are derived from nothing more than reasoning from underlying facts and not involving the credibility of witnesses. *Dudash*, 460 A.2d at 326.

¶ 9 Here, the trial court has basically said that a mistake must have been made and it would be unfair to allow Muthler the windfall of keeping the property. This conclusion seems to be based solely upon the facts that Muthler attended the closing, paid for insurance on the property prior to the closing, and made payments on the property for a short time after the death of her husband. This is insufficient to show mistake as to justify an inference of fraud or bad faith.

¶ 10 The evidence adduced at trial shows that Bennett intended to sell the property to Joseph and Susan Muthler. The sales agreement indicates this and the deed indicates this. The evidence also indicates that CTX drew up all the loan/mortgage documents.[3] Those documents clearly reflect that the property was to be titled to both Susan and Joseph Muthler and that only Joseph Muthler was to be bound by the mortgage. While the testimony of Attorney Masorti indicates that if he had realized a discrepancy between the mortgage and the deed he would have pointed it out, there is no testimony, from any source, that shows that the Muthlers knew of such a discrepancy and what legal consequences might follow.

¶ 11 No one from CTX testified regarding the mortgage application process. We

ply sought to have the payment coupons sent in her name.

3. At some point after the mortgage was issued, Regions became the successor in interest to the loan.

have no true idea why CTX wanted Susan Muthler off the mortgage. There is nothing in this record, neither documentary evidence nor any testimony, regarding what, if anything, CTX conditioned the issuance of the mortgage upon. Had someone from CTX testified that the mortgage was contingent upon presentation of a title in Joseph's name only, there might then be some indication that the Muthlers knew of a mistake and proceeded with the closing in bad faith.

¶ 12 Because there is no such testimony, we are left only with the mortgage documents themselves. That documentation clearly shows that CTX knew the deed to the property was in both Susan and Joseph's name, the mortgage was solely in Joseph's name and yet proceeded with the closing anyway. While CTX erred in doing so, this is not a mistake in the legal sense. CTX failed to properly secure its loan. CTX, having drawn up the documents, clearly knew or should have known what it was doing. Failing some showing of bad faith or fraud on the part of the Muthlers, Susan Muthler cannot now be held responsible for CTX's shoddy business practices.

¶ 13 Similarly, Regions purchased the loan from CTX. Regions may have every reason to trust in CTX. Nonetheless, Regions clearly purchased a mortgage that was insufficiently protected. However, Regions cannot now cover itself by charging Muthler with mistake. Albert Hethcox, Jr., Vice President and Director of Loan Administration for Regions, testified that traditionally a loan applicant does whatever the lender requires him to do to obtain the loan. Conspicuously absent from this trial was any testimony that the Muthlers were required to deed the property in Joseph's name only, that they failed to do so then hid that fact.

¶ 14 There is no evidence of a mutual mistake. No evidence was presented that the parties believed that title was Joseph's name only. Similarly, there was no evidence presented that Joseph and/or Susan Muthler knew the title was required to be in Joseph's name only. Indeed, there is no evidence to show that such a requirement existed. Therefore, there can be no showing that Joseph or Susan knew of the alleged mistake and proceeded in with the intent of committing a fraud or in bad faith.

¶ 15 Regions, in order to reform the deed, was required to show either the mutual or unilateral mistake by clear and convincing evidence. It did not. Regions is not entitled to reformation of the deed. Consequently, the deed should be in Susan Muthler's name only and the mortgage/note is unenforceable as to Susan Muthler.

¶ 16 Order reversed. Case remanded for the entry of an order consistent with this decision. Jurisdiction relinquished.