889 A.2d 39

**REGIONS MORTGAGE, INC., Appellant**

v.

**Susan C. MUTHLER, Appellee.**

Supreme Court of Pennsylvania.

Argued May 16, 2005.

Decided Dec. 12, 2005.

William J. Levant, Michael P. Coughlin, Blue Bell, for amicus curiae.

Lauren P. McKenna, Edward John Hayes, Philadelphia, for Regions Mortg., Inc., appellant.

Randy Paul Brungard, Lock Haven, for Susan C. Muthler, appellee.

BEFORE: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice EAKIN.

In 1999, Joseph and Susan Muthler purchased a property from Elwood Bennett; the property was titled in the names of both Joseph and Susan. The Muthlers jointly applied for a mortgage, and both of their names appeared on the mortgage documents. Prior to closing, however, the mortgagee, CTX Mortgage Company, unilaterally removed Susan's name from the mortgage. Thereafter, the mortgage named only Joseph, although it correctly indicated he was married. Schedule "A" to the mortgage contained a description of the property and clearly stated the property was owned jointly by Joseph and Susan. Both the mortgage and Schedule "A" were prepared by CTX.

Joseph died shortly after the property was purchased. Susan contacted Regions Mortgage, Inc., successor to CTX, in an attempt to transfer the mortgage to her name; Regions refused. Eventually, Susan contacted an attorney who advised her that the property passed to her absolutely upon Joseph's death and, as she was neither a named mortgagor nor a signatory to the mortgage, she had no obligation to pay it. Susan adopted this position, and stopped making payments. Regions then filed an action to quiet title.

At trial, Regions asserted a mistake had been made in the preparation of the mortgage, and that it was entitled to reformation of that document. The trial court, without reference to supporting authority, determined that "based on the totality of the circumstances . . . a mistake was made and that equity can only be served by a decree that the real estate owned by Susan C. Muthler be deemed subject to the mortgage executed by Joseph D. Muthler in favor of [the mortgagee]." Trial Court Opinion, 5/1/03, at 3.[1]

---

1. The Superior Court called the trial court's order a "somewhat strange order that appears to reform the deed"; Regions does not argue here for reformation of the deed, but of the mortgage. The trial court's order purports to uphold the mortgage, release Susan Muthler from personal liability for the mortgage, yet bar her from asserting any

■ In reviewing an action to quiet title, "an appellate court's review is limited to determining whether the findings of fact are supported by competent evidence, whether an error of law has been committed, and whether there has been a manifest abuse of discretion." *Vernon Twp. Volunteer Fire Dep't, Inc. v. Connor,* 579 Pa. 364, 855 A.2d 873, 879 (2004). The Superior Court rejected the trial court's application of equitable principles, instead determining that principles of law controlled. Employing this analysis, the Superior Court concluded Regions failed to show by clear and convincing evidence either a mutual or a unilateral mistake, and reversed. *Regions Mortgage, Inc.,* at 583.

In *Kutsenkow v. Kutsenkow,* 414 Pa. 610, 202 A.2d 68 (1964), this Court stated:

It has long been the law that courts of equity have the power to reform a written instrument where there has been a showing of fraud, accident or mistake. The law has provided the further requirement that when reformation is sought because of mstake [sic], the mistake alleged must be a mutual mistake.

*Id.,* at 68–69 (citations omitted).

In its opinion below, the Superior Court incorrectly cited *Kutsenkow* for the proposition that a deed could be reformed for either a mutual or unilateral mistake. *Regions Mortgage, Inc.,* at 582. *Kutsenkow* only permitted equitable reformation for mutual mistake. However, later decisions allowed unilateral mistakes to also serve as the basis for reformation. The Superior Court, in *Dudash v. Dudash,* 313 Pa.Super. 547, 460 A.2d 323 (1983), considered unilateral mistakes in deed reformations and determined "[a] party seeking reformation on the basis of [a] unilateral mistake may be granted relief if the party against whom reformation is sought has such knowledge of the mistake as to justify an inference of fraud or bad faith." *Id.,* at 327.

property right inconsistent with the mortgage lien. *Regions Mortgage, Inc. v. Muthler,* 844 A.2d 580, 581 (Pa.Super.2004).

A mutual mistake is "1. A mistake in which each party misunderstands the other's intent.... 2. A mistake that is shared and relied on by both parties to a contract." Black's Law Dictionary 1023 (8th ed. 2004). Regarding the "mistakes" alleged here, there was no evidence that any party misunderstood the other's intent. The mortgagee clearly understood the Muthlers' intent, which was to obtain a mortgage to finance the purchase of a property to be held jointly by husband and wife. The Muthlers did not misunderstand the mortgagee's intent; they merely followed instructions issued by CTX, and acquiesced to CTX's decision to have Joseph alone execute the mortgage. Thus, none of the allegations satisfy the definition of "mutual mistake."

Regions argues that a mutual mistake occurred because both parties "knew that the intended result of the transaction was the imposition of a valid and enforceable [m]ortgage on the [p]remises, [and] the fact that this was not achieved [is] enough to establish a mistake on [Susan's] part." Appellant's Brief, at 19. The Superior Court found there was no "mistake in the legal sense. CTX failed to properly secure its loan.... Failing some showing of bad faith or fraud on the part of the Muthlers, Susan Muthler cannot now be held responsible for CTX's shoddy business practices." *Regions Mortgage, Inc.*, at 583. While those practices may or may not have been shoddy, we must agree with the Superior Court's determination that there is no evidence of a mutual mistake.

In order for reformation to be available due to a unilateral mistake, Regions must show that Susan had "such knowledge of the mistake as to justify an inference of fraud or bad faith." *Dudash*, at 327. As noted by the Superior Court,

Conspicuously absent from this trial was any testimony that the Muthlers were required to deed the property in Joseph's name only, that they failed to do so and then hid that fact.... Similarly, there was no evidence presented that Joseph and/or Susan Muthler knew the title was required to be in Joseph's name only. Indeed, there is no evidence to show that such a requirement existed. Therefore, there can be no showing that Joseph or Susan knew of the alleged

mistake and proceeded in [sic] with the intent of committing a fraud or in bad faith.

*Regions Mortgage, Inc.,* at 583. We agree that Regions failed to prove either Susan or Joseph acted in bad faith or with the intent to commit fraud. Whether Susan should have been kept on the mortgage or removed from the deed, CTX was the acting party, and there is nothing to suggest any misfeasance by either Muthler. Regions undoubtedly believes CTX made a very bad decision when it removed Susan's name from the mortgage, but bad decisions are not mistakes that entitle one to reform legal obligations. Reformation due to unilateral mistake is unavailable in this case, and "Susan Muthler is entitled to take the property free and clear of any encumbrance." *Id.,* at 582.

■ We reaffirm the holdings in *Kutsenkow* and *Dudash,* and hold that when a mortgagee fails to properly secure a loan, the equitable remedy of reformation is unavailable unless bad faith, accident, or mutual mistake can be shown, and in the case of unilateral mistake, the party against whom reformation is sought must be shown to have knowledge of the mistake sufficient to justify an inference of fraud or bad faith.

Order affirmed. Jurisdiction relinquished.

Chief Justice CAPPY, and Justices CASTILLE, NIGRO, NEWMAN, SAYLOR and BAER are with the opinion.