J-A23006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICK GEORGE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY GEORGE AND SUZANNE GEORGE | |
| Appellants | No. 816 WDA 2015 |

Appeal from the Order April 22, 2015
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2013-3857

BEFORE:  LAZARUS, J., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 18, 2016**

Anthony and Suzanne George (h/w) (collectively "the Georges") appeal from the trial court's order denying their motion for judgment on the pleadings and reforming a deed to include the reservation of all oil, gas and mineral rights in Appellee, Patrick George ("Patrick") on a parcel of real property located in Washington County.[1]  After careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court states in its Pa.R.A.P. 1925(a) opinion that the issues on appeal relating to the denial of the Georges' motion for judgment on the pleadings are not properly before this Court because "the trial court's denial of the pretrial motion for judgment on the pleadings is an interlocutory order, and is not a final order appealable under Rule 341 of the Rules of Appellate Procedure, or appealable by right under Rule 311 of the Appellate Rules."  Trial Court Opinion, 3/9/16, at 8.  While we acknowledge that the denial of a motion for judgment on the pleadings is specifically recognized as an interlocutory order that is not appealable as of right, ***All-Pak, Inc. v.***
*(Footnote Continued Next Page)*

The Georges are Patrick's uncle and aunt; the property at issue is a 15-acre parcel of the 85-acre George Family Farm located in Nottingham Township, Washington County.[2]  On August 6, 2007, the parties entered into an agreement of sale for the parcel.  In the agreement, Patrick conveyed only the surface of the property to the Georges, specifically "reserv[ing] all oil, gas, coal and other mineral rights" to the property for himself.  On June 25, 2008, Patrick executed a general warranty deed for the property, prepared by the Georges' attorney; the deed was recorded on July 9, 2008.  However, contrary to the language in the parties' sales agreement, the deed did not contain a reservation of oil and gas rights in favor of Patrick.  Rather, the deed conveyed the property, in fee, to the Georges.

In March 2013, Patrick discovered the discrepancy between the sales agreement and the deed when he was negotiating the terms of a new oil and gas lease with an energy company.[3]  Recognizing that the deed did not reflect that he had reserved the property's oil, gas and mineral rights, Patrick contacted the Georges' attorney, who acknowledged the mistake in

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

***Johnston***, 694 A.2d 347 (Pa. Super. 1997), because the trial court's order reforming the deed to reflect the oil, gas and mineral rights in Patrick disposes of all claims and all parties, it is technically a final, appealable order subject to review on appeal.  Pa.R.A.P. 341.

[2] The parties agreed the sale price would be $75,000 – with $40,000 in cash and $35,000 later paid by check.

[3]  At the time the parties signed the agreement, Patrick had an existing contract with a gas company on the parcel which subsequently expired, prompting him to negotiate with a new company.

the deed and prepared a corrective deed with the following language: "This deed is being recorded to correct the earlier Deed dated June 25, 2008[,] which was meant to except and reserve the Oil and Gas rights listed above."[4] When the Georges refused to sign the corrective deed, Patrick filed an action to quiet title on the subject property on June 26, 2013, claiming that the gas, oil and mineral rights should not have been conveyed to the Georges and that the deed should be reformed to reflect that Patrick retained such rights. In their answer and new matter, the Georges raised the affirmative defense of the statute of limitations, 42 Pa.C.S. §§ 5525(8) & 5526(2), asserting that the complaint was filed more than five years after the parties signed the sales agreement.

On December 11, 2013, the Georges filed a motion for judgment on the pleadings based solely on the statute of limitations defense. On February 12, 2014, Patrick filed a petition to enforce the agreement. On February 19, 2015, the court heard argument on the motions, at which time the Georges' counsel argued that the matter was not one in equity, that reformation was not proper, and that the remedy should be specific

---

[4] Those rights are, as stated in the corrective deed, as follows:

> Excepting and Reserving Unto the Grantor, its successors and assigns the full right at all times hereafter forever all of the mineral rights in all manner and form including the oil and gas rights to any exploration and production on the property conveyed herein.

Corrective Deed, Exhibit E.

performance of the property agreement. The court accepted and considered briefs on the matter. On April 22, 2015, the court held a hearing at which the parties testified with regard to the circumstances surrounding the settlement agreement, deed, and oil and gas rights on the subject property. After the hearing, the court denied the Georges' motion for judgment on the pleadings and reformed the deed, based on equitable principles,[5] to comport with the parties' written sale agreement which reserved the parcel's oil, gas and mineral rights in Patrick. This timely appeal follows.

On appeal, the Georges present one issue for our review: Did the trial court err[] when it ruled that the Statue of Limitations did not apply and[,] if it did, [was] it tolled by the actions of [the Georges]?

Instantly, the complaint sought reformation of the original deed to reflect the sub-surface rights reserved for Patrick in the parties' sale agreement. The trial court properly categorized this case as an equitable deed reformation, rather than one for specific performance.

It is well-established that reformation of a deed is permitted upon evidence of mutual mistake. *Regions Mortgage, Inc. v. Muthler*, 889 A.2d 39 (Pa. 2005). *See Appeal of Hollenback*, 15 A. 616 (Pa. 1888) (familiar rule in equity that deed can only be reformed for fraud, accident, or

_____

[5] We review a trial court's equitable decree for an abuse of discretion. *Nebesho v. Brown*, 846 A.2d 721, 725 (Pa. Super. 2004).

- 4 -

mistake). A mutual mistake is a mistake that is shared and relied on by both parties to a written instrument. **Regions Mortgage**, **supra**. The fact that one of the parties denies that a mistake was made does not prevent a finding of mutual mistake. **Bollinger v. Cent. Pa. Quarry Stripping & Const. Co.**, 229 A.2d 741 (Pa. 1967).

Despite the Georges' affirmative defense of statute of limitations, this simply is not a matter involving specific performance of a contract. **See** 42 Pa.C.S. § 5525(2) (setting forth five-year statute of limitations to "action for specific performance of a contract for sale of real property or for damages for noncompliance therewith."). This is not a dispute with regard to the viability or enforceability of the parties' sale agreement. Rather, the case concerns a mutual mistake among the parties which warrants reformation of the quitclaim deed.[6]

As the trial court acknowledges and the record bears out, the intent of the parties at the time they executed the agreement of sale was to retain

_____

[6] In equitable actions seeking to reform a deed, the doctrine of laches serves a similar purpose to the statute of limitations in civil actions. Laches does not depend upon the fact that a definite time has elapsed since the action accrued, but whether, under the circumstances of the particular case, the complaining party is guilty of want of due diligence in failing to institute his actions to another's prejudice. **See United Nat'l Ins. Co. v. J.H. France Refractories Co.**, 668 A.2d 120, 124-25 (Pa. 1995). Instantly, the trial court found that Patrick brought the discrepancy in the agreement and deed to the Georges' attention as soon as he realized it in late 2012-early 2013, and filed his lawsuit once the Georges failed to sign the corrective deed prepared by their attorney. N.T. Hearing, 4/22/15, at 100. Therefore, it did not find that laches applied in the instant case to bar Patrick's suit.

the oil, gas and mineral rights of the parcel in Patrick. *See* N.T. Hearing, 4/22/15, at 13-14 ("I had the gas rights, the oil and mineral rights and everything."). The court found Patrick credible and discredited the Georges' testimony that they only agreed to have Patrick retain the mineral rights for five years from the sale date. Trial Court Opinion, 3/9/16, at 6. The notarized sales agreement, admittedly typed by Mrs. George and a mutual collaboration of Mr. George and Patrick, was signed by all parties. The agreement realizes the parties' intent in the following language, "Grantee, Patrick George, reserves all oil, gas, coal and any other mineral rights." Sales Agreement, 8/6/08. Moreover, the Georges' attorney acknowledged the mistake in the deed and drafted a corrective deed, to be signed by all parties, "to correct the earlier Deed . . . which was meant to except and reserve the Oil and Gas Rights [in Patrick]." Corrective Deed, at 2.

Because the deed failed to properly set forth the "true" agreement among the parties, the court did not abuse its discretion in determining that a mutual mistake existed which warranted reformation of the deed. ***Daddona v. Thorpe***, 749 A.2d 475, 487 (Pa. Super. 2000); ***Nebesho***, ***supra***.

Order affirmed.

J-A23006-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/18/2016</u>