J-A13008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., HOME EQUITY ASSET TRUST 2006-1, HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2006-1 | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 1102 WDA 2017 |
| JILL MCAFEE A/K/A JILL MCAFEE AND JOHN MCAFEE | : : : | |
| Appellants | : | |

Appeal from the Order Entered June 26, 2017
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  G.D. No. 16-006717

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

CONCURRING STATEMENT BY OLSON, J.:   FILED: August 2, 2018

I agree with the learned Majority that summary judgment in favor of National Bank Association ("U.S. Bank") is not proper in this quiet title action. U.S. Bank asserts in its brief that "[t]hrough an *inadvertent error or mutual mistake* of the parties, not discovered until recently, record owner John McAfee did not sign the Mortgage." (Emphasis added.)  Appellee's Brief at 2. In reviewing the record before us, I would conclude that there is no genuine issue of material fact regarding whether there was a mutual mistake that would support reformation of the mortgage.   I also note that there is no

evidence of record that would support a finding that a unilateral mistake or "inadvertent error" occurred.

Unilateral mistakes may serve as the basis for reformation. **Regions Mortgage, Inc. v. Muthler**, 889 A.2d 39, 41 (Pa. 2005), *citing* **Dudash v. Dudash**, 460 A.2d 323 (Pa. Super. 1983). As noted by our Supreme Court,

> a party seeking reformation on the basis of a unilateral mistake may be granted relief if the party against whom reformation is sought has such knowledge of the mistake as to justify an inference of fraud or bad faith.

**Regions Mortgage**, 889 A.2d at 41 (internal citation omitted). Thus, in order for reformation to be available due to a unilateral mistake, U.S. Bank must show that Appellants had "such knowledge of the mistake as to justify an inference of fraud or bad faith." **Id.** Such evidence is not currently in the record.

As the **Regions Mortgage** Court held,

> the equitable remedy of reformation is unavailable unless bad faith, accident, or mutual mistake can be shown, and in the case of unilateral mistake, the party against whom reformation is sought must be shown to have knowledge of the mistake sufficient to justify an inference of fraud or bad faith.

**Id.** at 42. In my view, the record before us fails to support a finding of either mutual mistake or inadvertent mistake. Thus, I concur with my learned

colleagues that summary judgment in favor of U.S. Bank is not appropriate in this case. [1]

_____

[1] In reviewing the facts and law presented in this case, I would conclude that summary judgment in favor of the Appellants is warranted. However, the Appellants did not file a cross motion for summary judgment. Thus, we are precluded at this stage from entering summary judgment in favor of the Appellants.