J-S31004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROCK CHRISTIAN CENTER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS A. RODRIGUEZ, ANDRES | : | |
| ROLON, AND PRIMERA IGLESIA DE | : | |
| DIOS PENTE- COSTAL LA VINA DEL | : | No. 110 EDA 2021 |
| SENIOR | : | |
| | : | |
| | : | |
| APPEAL OF: ANDRES ROLON | : | |

Appeal from the Judgment Entered February 17, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  No. 190100963

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 18, 2022**

Luis A. Rodriguez ("Rodriguez"), Andrew Rolon ("Rolon"), and Primera

Iglesia De Dios Pentecostal La Vina Del Senor ("PI") (collectively "Appellants")

appeal from the February 17, 2021 judgment entered in the Court of Common

Pleas of Philadelphia County in favor of Appellee, Rock Christian Center

("RCC").[1]  Appellants contend the trial court erred in determining that RCC

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The caption in this case has been corrected to reflect that the appeal is from
the judgment entered in favor of Rock Christian *Center* on February 17, 2021,
rather than from an October 27, 2020 order entered in favor of Rock Christian
*Church*.

holds a valid deed to property known as 4931-35 N. 6th Street in Philadelphia ("the Property") and that a deed issued for the Property to Rolon is null and void. Following review, we affirm.

The trial court held a bench trial in this quiet title action on September 29, 2020, and subsequently issued a memorandum opinion setting forth 105 Findings of Fact and 17 Conclusions of Law. The trial court also explained its determination that RCC's deed to the Property was valid and that a deed purportedly conveying the Property to Rolon was null and void and must be stricken. *See* Order and Memorandum Opinion, 10/27/20. Appellants filed a post-trial motion, which the court denied on November 24, 2020. Appellants then filed a notice of appeal. We issued a rule to show cause directing Appellants (1) to praecipe the trial court prothonotary to enter judgment and (2) to file a certified copy of the docket sheet with this Court reflecting entry of judgment. On February 17, 2021, judgment was entered on the trial court docket and the rule to show cause was discharged. Therefore, the appeal is now properly before us.

Appellants present three issues for our consideration:

1. Was Pastor Luis Rodriguez terminated as Pastor and/or President of [PI]?

2. Did Pastor Luis Rodriguez resign as Pastor of [PI]?

3. Was the transfer of 4931-35 N. 6th St., Philadelphia, PA from [PI] to [RCC] legal?

Appellants' Brief at 5-6.

We first note that Appellants filed a Rule 1925(b) statement of errors complained of on appeal identifying five alleged errors, including the second and third issues set forth above. However, the first issue presented in their brief was not included in the Rule 1925(b) statement. Therefore, we shall not consider it. **See** R.A.P. 1925(b)(4)(vii) (issues not raised in Rule 1925(b) statement are waived).

We next note that the argument section of Appellants' brief is devoid of citation to legal authority, with the exception of a reference to board member's obligations under the non-profit law (Appellant's Brief at 15). As this Court has explained:

> "The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities." **Estate of Lakatosh**, 656 A.2d 1378, 1381 (Pa. Super. 1995). "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." **Iron Age Corp. v. Dvorak**, 880 A.2d 657, 665 (Pa. Super. 2005). Failure to cite relevant legal authority constitutes waiver of the claim on appeal. **Eichman v. McKeon**, 824 A.2d 305 (Pa. Super. 2003), *appeal denied*, 839 A.2d 352 (Pa. 2003).

**In re Estate of Whitley**, 50 A.3d 203, 209-10 (Pa. Super. 2012) (citations modified). As in **Whitley**, Appellants here failed to cite legal authority in support of their issues. Their failure in this regard waives their issues for purposes of review. **Id.** at 210 (citing **Iron Age Corp.**; **Eichman**; Pa.R.A.P. 2101; Pa.R.A.P. 2119(a)). However, as demonstrated below, even if their issues were not waived, Appellants would not be entitled to relief.

"In reviewing an action to quiet title, an appellate court's review is limited to determining whether the findings of fact are supported by competent evidence, whether an error of law has been committed, and whether there has been a manifest abuse of discretion." ***Regions Mortgage, Inc. v. Muthler***, 889 A.2d 39, 41 (Pa. 2005) (internal citation and quotation omitted). Further, as this Court has recognized,

> Our review in a non-jury case is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the non-jury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial. It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder.

***Hollock v. Erie Ins. Exchange***, 842 A.2d 409, 413-14 (Pa. Super. 2004) (*en banc*), *appeal dismissed as improvidently granted*, 903 A.2d 1185 (Pa. 2006) (internal citations and quotation omitted).

At issue before the trial court were two conflicting deeds for the Property, both of which were filed of record with the Philadelphia County Recorder of Deeds in August 2018. Findings of Fact at ¶ 2. RCC filed suit seeking to quiet title after learning of a deed reflecting PI as the purported transferor of a 2016 deed to the Property, with Rodriguez, former Pastor of PI, conveying title to Rolon as President of PI. *Id.* at ¶¶ 19-21. There is no dispute that Rolon was the owner of Modern Development Group ("MDC"), which held title to the Property in 2016 when MDC purportedly sold or

transferred the property to PI for a stated amount of $100,000. *Id.* at ¶¶ 8-9, 25.

RCC and PI are both non-profit religious organizations. *Id.* at ¶¶ 4, 10, 56. For contracts for the sale of real estate, PI's by-laws require approval of two-third of the church's membership in a special meeting. PI's board must then pass a resolution authorizing the appropriate officer to enter into the contract on behalf of PI. *Id.* at ¶ 63.

At some point prior to January 7, 2018, PI's board of directors discovered certain actions taken by then-Pastor Rodriguez that the board deemed serious and improper. *Id.* at ¶ 64. On January 7, 2018, the board officers notified Rodriguez that they were considering emergent action. That day, prior to regularly-scheduled worship services, they presented the list of concerns and allegations—including concerns regarding financial matters—they were considering as a basis for termination of his board position as well as his position as Pastor. *Id.* at ¶¶ 65-67. Although the board intended to proceed in accordance with the by-laws to bring about the termination, Rodriguez summarily cancelled the January 7 services, appeared in front of the congregation, and announced he would resign his positions with PI. *Id.* at ¶¶ 68-69. Rodriguez left the church on that day and never returned. *Id.* at ¶ 70. The PI board did not initiate the termination process, relying on Rodriguez's announced resignation. *Id.* at ¶ 71. The PI board formed a new board. *Id.* at ¶ 73.

The new board subsequently voted to dissolve the non-profit corporation and proceed with dissolution in accordance with the by-laws. *Id.* at ¶¶ 75-78. The board voted to transfer the church building to RCC, a religious 501(c)(3) organization, at a nominal cost. The deed reflecting that transfer was dated August 1, 2018 and filed with the Recorder of Deeds on August 21, 2018. The deed was notarized, with all three board members/officers signing the deed in the presence of a notary. *Id.* at ¶¶ 80-82.

Unbeknownst to PI and its board of directors, Rodriguez executed a deed to the church building to Rolon on August 9, 2018. On the deed, identified as an "Accommodation Deed Only," Rodriguez "falsely held himself out as the 'President' of PI,'", despite not having served in any official capacity for PI since January 7, 2018, and despite not having attended any board meetings since that time, not being listed in PI's records as its President, and not having sought board approval for the conveyance. *Id.* at ¶¶ 83-85. Although the deed reflected consideration in the amount of $100,000, both Rodriguez and Rolon testified that no money changed hands. *Id.* at ¶ 88.

Rodriguez claims he retained unilateral authority to dispose of the church building because he was not officially removed as Pastor in accordance with the by-laws. *Id.* at ¶ 89. However, he acknowledged he did not seek or obtain approval from the board of directors before executing the deed to Rolon and was aware that the by-laws prohibited a transfer to a non-charitable entity, in this case, Rolon, an individual. *Id.* at ¶¶ 92, 96. "It is clear from

testimony of record and the court's assessment of the credibility of Rolon and Rodriguez that they were aware that PI had not authorized Rodriguez's actions to transfer the PI property to Rolon[,] and Rolon and Rodriguez were intentionally and mutually deceptive." *Id.* at ¶ 95 (with minor alterations).

The trial court concluded that RCC is the fee simple owner of the Property by virtue of the deed from PI that was executed by the three officers of PI. Conclusion of Law at ¶ 1. The court further determined that whether Rodriguez resigned or was removed is a collateral matter with no bearing on the outcome of this action because, under PI's by-laws, the "Pastor" has no authority to convey real estate. *Id.* at ¶ 3. Further, as of August 9, 2018, Rodriguez had no authority as President to execute any deed on behalf of PI because he did not hold the office of President. *Id.* at ¶ 4. Moreover, Rodriguez admitted he did not seek approval of the board before executing the deed as required by the by-laws and, therefore, he had no authority to act in the name of PI to transfer the church building. *Id.* at ¶ 5. "The deed obtained by Rolon signed by Rodriguez was not undertaken in good faith and is fraudulent and/or void *ab initio* and of no effect and must be stricken." *Id.* at ¶ 6 (with minor alterations). Based on its observations of Rolon and Rodriguez, the court found "their testimony and demeanor to be coordinated, contrived and lacking credibility." *Id.* at ¶ 16. "[W]eighing all the evidence and testimony," the court deemed "the 'agreements' and purported Deed

between Rodriguez and Rolon to be a fiction and the by-product of negligent or intentional deception by [Appellants]." *Id.* at ¶ 17.

After listing its Findings of Fact and Conclusions of Law, the trial court provided discussion in which it offered analysis of the claims as well as the testimony presented at the September 29, 2020 hearing. The court noted that it found the testimony of the RCC representative and the testimony of the PI board members credible, while the characterizing the testimony of Rodriguez and Rolon as "evasive, coordinated and not believable." Trial Court Memorandum, 10/27/20, at 17-18. As noted above, it is not the role of this Court to pass on credibility and we will not substitute our judgment for that of the trial court as factfinder. *Hollock*, 842 A.2d at 413-14. Here, the trial court determined that Rodriguez resigned as Pastor of PI and, consequently, did not have any authority to execute a deed for the Property in August 2018. Moreover, the members of the PI board as of August 2018 did possess authority to execute a deed in favor of RCC and did so in accordance with the by-laws.

Based on our review of the record, even if Appellants' issues were not waived for lack of citation to legal authority, we would find that the trial court's findings of fact are supported by competent evidence and that it did not commit any error of law or manifest abuse of discretion in finding that the purported deed from Rodriguez to Rolon was a nullity and the deed from PI to

RCC was a valid deed. Therefore, we affirm the trial court's order striking the deed to Rolon as a nullity and affirming the validity of the deed to RCC.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2022