J-A20038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARK HEIM AND WANDA HEIM, TRUSTEE OF THE MARK HEIM AND WANDA HEIM JOINT REVOCABLE TRUST | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | : : : | |
| v. | : : | |
| HOWARD L. EISSLER AND ANN M. EISSLER | : : : : | |
| Appellants | : | No. 179 MDA 2019 |

Appeal from the Judgment Entered January 16, 2019
In the Court of Common Pleas of Sullivan County
Civil Division at No(s):  2017CV-0000234

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:  **FILED: OCTOBER 18, 2019**

Appellants, Howard L. Eissler and Ann M. Eissler, appeal from the judgment entered in the Sullivan County Court of Common Pleas, in favor of Appellees, Mark Heim and Wanda Heim, Trustee of the Mark Heim and Wanda Heim Joint Revocable Trust, and against Appellants in this land boundary dispute.  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellants raise the following issues for our review:

> 1. WHETHER THE HONORABLE COURT ERRED IN ITS
>    CONCLUSION AND GRANT OF CLEAR TITLE TO

APPELLEES BASED ON THE HOPKINS RETRACEMENT SURVEY. THE HOPKINS RETRACEMENT SURVEY FAILS TO CONFORM TO THE GRANTORS JOSEPH AND MARY HEIM'S INTENT AS IT DEVIATES FROM THE SECOND ENGLISH SURVEY AND IS BASED ON ERRONEOUS CONCLUSIONS RELYING UPON SUSPICIOUS MONUMENTS "K," "N," AND "U." THE LIGHT-HEIGEL BOUNDARY PLAN CONFORMS TO THE INTENT OF GRANTORS JOSEPH AND MARY HEIM AS IT ACCURATELY RETRACES THE SECOND ENGLISH SURVEY AND THE DEED FROM GRANTORS JOSEPH AND MARY HEIM TO [APPELLANTS]. TO THE EXTENT THE HONORABLE COURT RESTS ITS CONCLUSIONS ON FINDINGS OF FACT NOS. 5 THROUGH 18, THE HONORABLE COURT EITHER DISREGARDED CREDIBLE, RELEVANT EVIDENCE OF RECORD AND MADE NO FINDINGS OR MADE FINDINGS WHICH ARE NOT SUPPORTED BY THE RECORD.

2. WHERE THE HONORABLE COURT ERRED IN ITS CONCLUSION AND GRANT OF CLEAR TITLE TO APPELLEES BASED ON THE HOPKINS RETRACEMENT SURVEY, THE HONORABLE COURT ERRED WHEN IT FAILED TO FIND AND CONCLUDE THAT THE DECK CONSTRUCTED BY APPELLEES ENCROACHES ON [APPELLANTS'] PROPERTY.

3. WHETHER THE HONORABLE COURT ERRED IN ITS CONCLUSION AND GRANT OF CLEAR TITLE TO APPELLEES BASED ON THE HOPKINS RETRACEMENT SURVEY WHERE THE HOPKINS RETRACEMENT SURVEY INCLUDES PROPERTY NOT DEPICTED IN THE FIRST OR SECOND ENGLISH SURVEY AND NOT CONVEYED IN APPELLEES' CHAIN OF TITLE.

4. WHETHER APPELLEES' CLAIM OF TITLE RESTING ON ADVERSE POSSESSION AND POSSESSION RESTING ON DOCTRINE OF CONSENTABLE LINE FAILS AS A MATTER OF LAW. FINDINGS 19 AND 20 ARE NOT SUPPORTED BY THE EVIDENCE OF RECORD.

5. WHETHER [APPELLANTS'] REPLY BRIEF WAS TIMELY FILED IN COMPLIANCE WITH THE RULES OF CIVIL PROCEDURE AND SHOULD HAVE BEEN CONSIDERED BY

THE COURT. TO THE EXTENT FINDING NO. 26 STATES OTHERWISE, IT IS NOT SUPPORTED BY THE RECORD.

6. WHETHER [APPELLANTS] WERE DENIED THE OPPORTUNITY TO OFFER EXHIBITS INTO THE RECORD.

(Appellants' Brief at 4-5).[1, 2]

_____

[1] Regarding Appellants' fifth issue, the court issued an order dated November 19, 2018, expressly directing the parties to file reply briefs within fifteen days of the **date of the order**. In a civil case, however, the **date of entry and service** of the order (in this case November 26, 2018) controls. **See** Pa.R.C.P. 236(a)(2), and (b) (governing notice required of Prothonotary to parties of entry of **any** order or judgment). **See generally Mumma v. Boswell, Tintner, Piccola & Wickersham**, 937 A.2d 459 (Pa.Super. 2007), *appeal denied*, 599 Pa. 683, 960 A.2d 456 (2008) (stating under relevant law, date of entry of any order is date court mails or delivers copies of order to parties).

Here, the order directing reply briefs was not entered on the docket with notice sent until November 26, 2018. In its decision, the trial court stated Appellants had not filed a post-trial reply brief. Nevertheless, Appellants **did** file a reply brief on December 10, 2018, but they filed it the same day the trial court issued its final decision, unaware Appellants had filed a reply brief. Appellants' December 10, 2018 reply brief was filed more than fifteen days after November 19, 2018, but only fourteen days after the November 26, 2018 entry of the order on the docket with proper notice sent. Therefore, the reply brief was timely filed. **See id.** Further, Appellants **did** cite to Pa.R.C.P. 236 and Pa.R.A.P. 108 to support their position that they had timely filed their reply brief. Appellants, however, have not alleged any prejudice suffered as a result of the court's failure to consider their reply brief, which added nothing to their existing argument in any event.

[2] As a general rule, issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived. **Lineberger v. Wyeth**, 894 A.2d 141 (Pa.Super. 2006). A Rule 1925 statement must be specific enough for the trial court to identify and address the issue(s) an appellant wishes to raise on appeal. **Id.** "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." **Id.** at 148. As well, where an appellant fails to raise or develop an issue on appeal properly, or where the appellant's brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims raised.

Our standard of review on appeal from an action to quiet title is deferential: "In reviewing an action to quiet title, an appellate court's review is limited to determining whether the findings of fact are supported by competent evidence, whether an error of law has been committed, and whether there has been a manifest abuse of discretion." ***Regions Mortgage, Inc. v. Muthler***, 585 Pa. 464, 467, 889 A.2d 39, 41 (2005) (internal citation omitted).

> It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder. Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

***Hollock v. Erie Ins. Exchange***, 842 A.2d 409, 414 (Pa.Super. 2004) (*en banc*), *appeal dismissed as improvidently granted*, 588 Pa. 231, 903 A.2d 1185 (2006) (internal citations omitted).

The Pennsylvania Rules of Civil Procedure define the scope of an action to quiet title, in pertinent part, as follows:

**Rule 1061.  Conformity to Civil Action.  Scope**

\*    \*    \*

---

***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000).  Instantly, regarding Appellants' sixth issue, Appellants failed to identify in either their concise statement or their brief which exhibits the trial court prohibited them from introducing at trial, the relevance of those exhibits, and any prejudice Appellants suffered as a result of the exhibits' exclusion.  Thus, Appellants' sixth issue is waived.  ***See Lineberger, supra***; ***Butler, supra***.

(b) The action may be brought

\* \* \*

(2) where an action of ejectment will not lie, to determine any right, lien, title, or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;

(3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land.

\* \* \*

Pa.R.C.P. 1061(b)(2), (3). An action to quiet title, unlike an ejectment action, does not restrict a court to finding the rights only of the immediate plaintiff and defendant involved in the controversy. **Wells Fargo, N.A. v. Long**, 934 A.2d 76, 78 (Pa.Super. 2007). Rather, an action to quiet title determines the "relative and respective rights of **all** potential titleholders." **Id.** (emphasis added).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Russell D. Shurtleff, P.J., we conclude Appellants' issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed December 11, 2018, at 10-13) (finding: Appellees had their property surveyed by Eric Hopkins, while Appellants had their property surveyed by Keith Heigel of Light-Heigel and Associates; Mr. Hopkins testified that he found 11 pre-existing pins on

- 5 -

properties at time of his survey; Mr. Hopkins correctly and accurately applied special rules of preference to determine location of boundary line, and used found artificial monuments and adjoining properties' boundaries to establish legal description of Appellees' property; further, Mr. Hopkins relied on both parties' legal descriptions, which conformed to approved subdivision plan prepared by Curtis English in 1974; by contrast, Mr. Heigel testified that he did not survey adjacent properties and ignored them in conducting his retracement; Appellants allege that several pins on ground were suspicious and suggested Appellees moved pins; court conducted site view of property and specifically observed pins at site; pins appeared to be in their original state, and court finds that Appellants' assertion that Appellees moved existing pins lacks merit; after considering artificial monuments, including all existing pins placed prior to surveys of Mr. Hopkins and Mr. Heigel, and iron pin near waterfront, court found that Mr. Hopkins' determinations are true and accurate and must be accepted; in adopting Mr. Hopkins' survey, notably neither party is losing or gaining lake frontage, with no adverse effects on adjoining property owners; given court's decision, issues of consentable boundary line and adverse possession are moot).  Accordingly, we affirm on the basis of the trial court opinion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2019

Circulated 09/13/2019 01:23 PM

IN THE COURT OF COMMON PLEAS OF THE 44TH JUDICIAL DISTRICT
SULLIVAN COUNTY BRANCH – CIVIL DIVISION

MARK HEIM and WANDA HEIM,
Trustee of the MARK HEIM and
WANDA HEIM JOINT REVOCABLE
TRUST,
   Plaintiffs

            : CIVIL ACTION – LAW

vs.

HOWARD L. EISSLER and     : NO. 2017-CV-234
ANN M. EISSLER,
    Defendants

**ORDER**

AND NOW, this 10th day of December, 2018, this matter having come before the Court for non-jury trial, **IT IS HEREBY ORDERED, ADJUDGED and DECREED** as follows:

1. Plaintiffs have agreed to provide to Defendants, their heirs and assigns, an easement to keep and maintain the part of the stone wall that Defendants have constructed upon the Heim property, with the conditions that (a) the encroachment shall not be expanded; and that (b) if the wall was ever removed or had to be reconstructed, it would be done so without encroaching on the Heim property.

2. Plaintiffs request for money damages concerning the encroachment of the stone wall has been withdrawn and is therefore **MOOT**.

3. Plaintiffs shall be granted clear title to the property as described in the survey of Eric S. Hopkins, PLS dated October 31, 2014.

4. Plaintiffs shall record the survey of Eric S. Hopkins, PLS with the Sullivan County Recorder of Deeds within ten (10) days from the date of this Order.

**BY THE COURT,**

RUSSELL D. SHURTLEFF, P.J.
President Judge

cc:

RM    J. Howard Langdon, Esquire
      3 South Main Street
      Muncy, PA 17756

RM    Susan J. Smith, Esquire
      319 N. 24th Street
      Camp Hill, PA 17011

2

IN THE COURT OF COMMON PLEAS OF THE 44TH JUDICIAL DISTRICT
SULLIVAN COUNTY BRANCH – CIVIL DIVISION

MARK HEIM and WANDA HEIM,
Trustee of the MARK HEIM and
WANDA HEIM JOINT REVOCABLE
TRUST,
         Plaintiffs

                            :      CIVIL ACTION – LAW

vs.

HOWARD L. EISSLER and
ANN M. EISSLER,
         Defendants

                            :      NO. 2017-CV-234

**J. Howard Langdon, Esquire – Counsel for Plaintiffs**
**Susan Smith, Esquire – Counsel for Defendants**

**OPINION**

**Shurtleff, P.J., December 10, 2018:**

This Opinion is in support of the attached Court Order.

## I.    STIPULATED FACTS

1. Plaintiffs and Counterclaim Defendants are Mark Heim and Wanda Heim,

Trustees of the Mark Heim and Wanda Heim Revocable Trust, who reside at 1606

Old Orchard Lane, Westchester, Pennsylvania 19380.

2. Defendants and Counterclaim Plaintiffs are Howard L. Eissler and Ann M. Eissler,

adult individuals who reside at 325 North 29th Street, Camp Hill, Pennsylvania,

17011.

3. Mark Heim and Wanda Heim, Trustees of the Mark Heim and Wanda Heim Joint

Revocable Trust, hold title to the real property known as Sullivan County Tax Parcel

Number 11-005-0085, consisting of 0.26 acres, pursuant to a deed from Mary Patricia

Heim, widow (also known as Mary P. Heim) dated June 7, 2013, and recorded on

3

June 17, 2013, as specifically described in Sullivan County Instrument Number 201301635. See, Exhibit A to Stipulation of Legal Counsel at Time of Trial.

4. Howard L. Eissler and Ann M. Eissler hold title to the real property known as Sullivan County Tax Parcel Number 11-005-0084 described as 0.417 acres, pursuant to the following deeds:

(a) From Joseph E. Heim, Jr., and Mary P. Heim, husband and wife, to Howard L. Eissler and Ann M. Eissler, husband and wife, and C. Edward S. Mitchell, dated January 25, 1975, and recorded on January 25, 1975, in Sullivan County Deed Book 86 at page 763.

(b) From C. Edward S. Mitchell and Jo Ann Mitchell, husband and wife, dated January 14, 1987, and recorded on July 13, 1987, in Sullivan County Record Book 105 at page 936.

See, Exhibits B1 and B2 to Stipulation of Legal Counsel at Time of Trial.

5. Curtis A. English, Registered Professional Engineer operating under the business name English Engineering Corporation, surveyed the land conveyed by the Noyes Deed to Joseph E. Heim, Jr. and Mary P. Heim (referenced in the chain of the parties' titles at Exhibits E and F to Stipulation of Legal Counsel at Time of Trial), which survey is titled "Resurvey of Lots 9, 10, 16, & 17 Section No. 2 & Lots 3 & 4 (D.B. 85 Page 1183) for Joseph E. Heim, Jr. and Mary P. Heim, known as drawing number 1393-74, dated November 29, 1974, and recorded as Sullivan County Instrument Number 201700463. See, Exhibit C to Stipulation of Legal Counsel at Time of Trial.

6. Curtis A. English, Registered Engineer operating under the business name English Engineering Corporation, prepared a survey of the land for purposes of subdivision

4

and conveyance to the Eisslers (referenced in the chain of the Eisslers title at Exhibit F to Stipulation of Legal Counsel at Time of Trial), which survey is titled Map of Survey Joseph E. Heim, Jr. and Mary P. Heim to C. Edward S. Mitchell and Howard L. Eissler, known as drawing number 1395-74, dated December 27, 1974, and recorded as Sullivan County Instrument Number 2001700462. See, Exhibit D to Stipulation of Legal Counsel at Time of Trial.

7. The parcels of the parties are adjacent to each other and have a common boundary line. The common boundary line is along the northern boundary of the Heim property and along the southern boundary of the Eissler property.

8. The chain of title of Heims' property is attached to Stipulation of Legal Counsel at Time of Trial as Exhibit E. Copies of the referenced deeds are attached to the chain and speak for themselves.

9. The chain of Eisslers' property is attached to Stipulation of Legal Counsel at Time of Trial as Exhibit F. Copies of the referenced deeds are attached to the chain and speak for themselves.

10. The chain of title for both the Eissler and Heim Properties contain a common deed from Jeannette P. Noyes and Joseph E. Heim, Jr., and Mary P. Heim, dated June 28, 1974, (Noyes Deed). This deed is listed in the attached chains of title.

11. Heims had their property surveyed by Eric S. Hopkins, PLS, which survey is titled "Retracement Survey for Mark and Wanda Heim". A copy of the retracement survey dated October 31, 2014 is attached to Stipulation of Legal Counsel at Time of Trial as Exhibit G.

5

12. Eisslers had their property surveyed by Light-Heigel and Associates. A copy of the survey dated July 14, 2016 is attached to Stipulation of Legal Counsel at Time of Trial as Exhibit H.

13. The two surveys referred to in Paragraphs 11 and 12 conflict with each other.

14. Eisslers erected a stone wall of which a portion crosses the common property line was shown on the Light-Heigel Survey. See, Exhibit H to Stipulation of Legal Counsel at Time of Trial.

15. As indicated in both surveys the only natural monument is Lake Mokoma. There is no dispute concerning the location of the lake.

16. The general area in which the lands of the parties are located slopes toward Lake Mokoma.

## II. FINDINGS OF FACT

1. The properties of the parties have been surveyed twice. Once by Eric S. Hopkins, P.L.S. (hereinafter "Mr. Hopkins"), of Hopkins Land Surveying, who was retained by Plaintiffs. And once, by Light-Heigel & Associates (hereinafter "Light-Heigel"), who was retained by Defendants.

2. Plaintiffs retained Mr. Hopkins, a Professional Land Surveyor, to survey and prepare a plot plan of Plaintiffs' property, known as Sullivan County Tax Parcel Number 11-005-0095, said subject property being specifically described in Sullivan County Instrument Number 201301635. See, Stipulated Exhibit G. The Hopkins survey is dated October 31, 2014.

3. Defendants retained the services of Light-Heigel to survey and prepare a plot plan of their property known as Sullivan County Tax Parcel Number 11-005-0085, said

property being specifically described in Sullivan County Record Book 105 at page 936. See, Stipulated Exhibit H. The Light-Heigel survey is dated July 14, 2016.

4. The two surveys conflict with each, primarily at the mutual boundary in the eastern portions of the properties, along the edge of Lake Mokoma.

5. In his survey and plot plan determination, Mr. Hopkins has indicated eleven pre-existing iron pins, all artificial monuments and the location of two streets, namely, Fairview Avenue and Wahollock Avenue.

6. The survey of the parent parcel to both of the subject properties by Curtis A. English, P.E., dated November 29, 1974 indicates that the southeastern corner of the parent parcel was marked with a "Set No. 4 Bar and Cap." See, Stipulated Exhibit C. The Cap was placed by Curtis A. English.

7. The aforementioned Bar and Cap marked the southeastern corner of the Heim property at the boundary line with Thomas M. and Adeline B. McDaniel, near the waterfront and just south of the Heim boathouse.

8. The cap on the pin was clearly visible to this Jurist during a site view held on the day of trial.

9. The same survey dated November 29, 1974 indicates that the eastern line of Joseph E. and Mary P. Heim, the owners of the parent parcel, which is adjacent to the waterfront is 89.48 feet.

10. The subsequent subdivision survey of Curtis A. English, dated December 27, 1974 indicates 45.72 feet of the eastern/waterfront line was to be conveyed to the Eisslers. See, Stipulation Exhibit D.

7

11. The deeds in the Eissler chain of title indicate the same distance of 45.72 feet. See, Stipulated Exhibits F1 and F2.

12. The subdivision survey by Curtis A. English dated December 27, 1974 indicates that the northeastern point of the property now owned by Plaintiffs was marked with a #4 rebar.

13. There was one inch (1") in diameter rebar located close to the Lake Mokoma marking the boundary line. This was visible to this Jurist during the site view prior to the hearing in this matter.

14. Defendants constructed a waterfront patio which ends at the above-referenced line marker.

15. The property to the south west of Plaintiffs' parcel is owned by Thomas M. McDaniel and Adeliene B. McDaniel, Sullivan County Tax Parcel Number 11-005-0086 and is clearly marked with existing pins and improvements made by the McDaniel's.

16. The properties to the north east of Defendants' property are owned by the following:

    a.  Heather D. Ricker-Gilbert, Tax Parcel Number 11-005-0081.

    b.  W.R. Stepp and Vola H. Stepp, Tax Parcel Number 11-005-0083.

    c.  Lake Mokoma Association, Tax Parcel Number 11-002-0126.

17. The Hopkins survey and determinations conform to these adjacent boundaries.

18. The Light-Heigel survey references the existing pins referenced in the Hopkins survey, but does not consider said pins in making its survey and determination.

8

19. For a period in excess of twenty-one (21) years, Plaintiffs and their predecessors in title have used the property at the waterfront for boat storage, boat launch, dock and landscaping.

20. Sometime in 2016, Defendants had their property surveyed and thereafter Defendants began cutting tress and shrubs on Plaintiffs' side of the mutual boundary line.

21. In response to Plaintiffs' Complaint, Defendants filed a Counterclaim sounding in Trespass and Ejectment, wherein Defendants allege that in or around 2015, Defendants noticed that one of the monuments marking the southern boundary line of Defendants' property had been removed and replaced with a new monument.

22. Defendants further allege that in 2011, as a result of construction on Plaintiffs' property, land disturbance occurred resulting in water being discharged onto Defendants' property, resulting in repairs exceeding a cost of $5,000.00.

23. Defendants assert that Plaintiffs have interfered with Defendants' possession, use and enjoyment of their property.

24. Defendants have requested that this Court Light-Heigel survey be adopted to set the boundary line of Defendants' property.

25. A site view was conducted by this Jurist on August 28, 2018 and a bench trial thereafter followed.

26. Counsel for the parties were given an opportunity to and did file Post-Trial Briefs. Thereafter, counsel for Defendants requested additional time to file a reply Brief. Counsel for Plaintiffs filed a reply Brief. Despite making the request to file a reply

9

Brief, counsel for Defendants has failed to file the same. This matter is now ripe for discussion.

## III. DISCUSSION

There were numerous issues raised in Plaintiffs' Complaint and Defendants' Counterclaim. This Court will address each in turn below.

### A. Defendants' Stone Wall that Encroaches on Plaintiffs' Property

In Count One of Plaintiffs' Complaint, Plaintiffs requested that Defendants' stone wall that encroaches on Plaintiffs' property be removed. Count Two of Plaintiffs' Complaint requested money damages pertaining to the encroachment of the stone wall. More specifically, Defendants constructed a One Hundred Forty-Two (142) foot long stone wall to mitigate stormwater damage. A short segment of that wall, which was unintentionally mis-located at an angle encroaches on Plaintiffs' property.

Plaintiffs have agreed to provide Defendants, their heirs and assigns, an easement to keep and maintain the part of the stone wall that Defendants have constructed upon the Plaintiffs' property, with the conditions that: (1) the encroachment may not be expanded and that (2) if the wall was ever removed or had to be reconstructed, it would be done so without encroaching on Plaintiffs' property. Plaintiffs have withdrawn their claim for money damages concerning the encroachment of the stone wall and thus Counts One and Two of Plaintiffs' Complaint are deemed moot.

### B. Legal Description/Quiet Title

In Counts Three and Five of Plaintiffs' Complaint, Plaintiffs requested that an Order be entered granting them clear title to the property described in Exhibit F to Plaintiffs' Complaint, namely as depicted on the survey by Eric S. Hopkins, P.L.S.

10

(hereinafter "the Hopkins Survey"), which was attached to Plaintiffs' Complaint at Exhibit F. In so requesting, Plaintiffs allege title of the dock, waterfront and patio area boundary by acquiescence and/or adverse possession. At the time of trial in this matter, Plaintiffs called Mr. Hopkins to testify. Defendants called Keith L. Heigel, P.L.S., who conducted a survey of the property at issue for Defendants (hereinafter "the Heigel Survey").

The primary function of the trial court in resolving a boundary dispute is to ascertain the intent of the grantor at the time of the original subdivision creating the boundary line. *Pencil v. Buchart*, 551 A.2d 302 (Pa.Super. 1988). The determination of the boundary line is a question of fact. *Walleigh v. Emery*, 163 A.2d 665 (Pa.Super. 1960).

At the time of trial, both surveyors, Mr. Hopkins and Mr. Heigel, agreed that the Courts of the Commonwealth have established and applied special rules of preference in forming an opinion concerning the location of a boundary line. The following elements are the preferences in descending order of priority:

a. Natural monuments;
b. Artificial monuments;
c. Adjacent boundaries;
d. Courses;
e. Distances; and
f. Quantity of land.

For both Plaintiffs' and Defendants' property descriptions, the only natural monument is Lake Mokoma. There are numerous artificial monuments. Mr. Hopkins testified that he found eleven (11) existing pins on the properties at the time of his survey. (H.T. 8/28/18, pp. 19-21). Mr. Hopkins correctly and accurately applied the preferences and used the found artificial monuments and the adjoining property owner boundaries to establish the legal description of Plaintiffs' property as indicated in his survey dated October 31, 2014. Furthermore, Mr. Hopkins relied on both Plaintiffs and Defendants legal descriptions

11

which conformed to the approved subdivision plan prepared by Curtis English in December of 1974.

Mr. Heigel testified that he did not survey the adjacent properties and ignored them in conducting his retracement. (H.T. 8/28/18, pp. 183-4, 189). Defendants assert that a number of pins on the ground were suspicious and there was testimony alleging pins had been moved. (H.T. 8/28/18, pp. 221, 257, 289). This Jurist, conducted a site view and specifically observed the pins at the site. The pins appeared to be in their original state and as such, this Court finds Defendants assertion that Plaintiffs moved existing pins without merit.

After considering the artificial monuments, including all of the existing pins placed prior to the Hopkins and Heigel surveys and the iron pin near the waterfront, it is clear to this Court that the determinations of Mr. Hopkins are true and accurate and must therefore be accepted. In adopting the survey of Mr. Hopkins, it is of important note that neither party is either losing or gaining lake frontage with no adverse effects on the adjoining property owners.

## C. Consentable Boundary and Adverse Possession

Given that this Court has accepted and adopted the survey of Mr. Hopkins, the issues of consentable boundary and adverse possession are deemed moot.

## D. Defendants' Counterclaim for Money Damages

Plaintiffs filed their Complaint on November 2, 2017. Defendants filed an Answer and Counterclaim on or about December 1, 2017. In their Counterclaim, Defendants assert that in 2011, stormwater from Plaintiffs' property was discharged onto Defendants' property causing damage.

12

The applicable Pennsylvania Statute of Limitations requires that such a suit on such a cause of action shall be commenced within two (2) years of the date when the cause of action accrued. 42 Pa.Cons. Stat. §5524(4). This Court finds that Defendants did not timely file their cause of action and as such, claim is barred by the Statute of Limitations.

Even if this Court were to entertain Defendants' Counterclaim, there was no evidence of proof of an itemized claim for damages or invoices for repair.

**E. Defendant's Counterclaim for Ejectment**

In their wherefore clause of their Counterclaim, Defendants ask this Court to order that all structures and improvements that have been placed, erected or constructed on the other party's property in consideration of the boundary line established by the Light-Heigel survey be removed within ninety (90) days from the date of this Court's Order. Given that this Court has adopted the survey of Mr. Hopkins, the Court does not find merit in Defendants' request.

**III. CONCLUSION**

Based upon the foregoing, this Court issued the attached Order.